O’BRIEN, Circuit Judge,
specially concurring.
I join the Order and Judgment, but write separately only to clarify my reasons.
I am unable to identify reversible trial errors (jury instructions or sufficiency of the evidence) occurring during the “piercing the corporate veil” trial, which may have been an exercise in futility without Filbrun, the stated and obvious corporate controller, as a party. I also agree that Mandeville stated a claim for “piercing the corporate veil” sufficient to survive Quins-tar’s motion to dismiss (considering the posture of the case at the time it was decided.) I wonder, but express no opinion because the issue was not raised on appeal, whether Filbrun was an indispensable party. Fed.R.Civ.P. 19 (2003). Nevertheless, I am willing to leave the parties where they have left themselves — with a “piercing the corporate veil” judgment against Quinstar, but not against Filbrun.
I do not agree with Judge Kelly that the case should be reversed and remanded. I see nothing to be gained by giving Mandeville yet another opportunity to correct pleading and trial deficiencies. Concern was expressed at argument that Mandeville might be able, in collateral proceedings, to transmogrify his judgment against *200 Quinstar into one against Filbrun. Frankly, I am at a loss to know how that might be possible. No. 02-3267, Mandeville v. Quinstar Corp.